## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 2:18-cr-00224-BRM-2 |
| v. | : | |
| | : | **OPINION** |
| DANIEL ZUNIGA | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Daniel Zuniga's ("Zuniga") Motion to Dismiss Indictment for Violation of Speedy Trial. (ECF No. 54.) The United States opposes the motion. Having reviewed the parties' submissions (ECF Nos. 49 & 50) filed in connection with this matter and having heard oral argument on September 23, 2019, pursuant to Federal Rule of Civil Procedure 78(a) (ECF No. 58), for the reasons set forth below and for good cause having been shown, Zuniga's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

When, as here, a "defendant claims a violation of the Speedy Trial Act, 18 U.S.C. § 3161, the dates of the proceedings are critical to evaluating defendant's" claim. *United States v. Miles*, 290 F.3d 1341, 1345 n.1 (3d Cir. 2002); *see also United States v. Parker*, 508 F.3d 434, 436 (7th Cir. 2007) ("Certain pretrial dates and events are important to our resolution of [a defendant's] Speedy Trial Act claim."); *United States v. Nixon*, 634 F.2d 306, 307 (5th Cir. 1981) ("In order to understand the speedy trial issue, the dates upon which certain events transpired are important.").

On March 23, 2018, Zuniga was arrested pursuant to a warrant, waived a preliminary

hearing, and was ordered detained pending trial.  (ECF Nos. 7 & 8.)  By consent of the parties, the Court continued the case and tolled the Speedy Trial Act time period from March 27, 2018 to September 30, 2018.  (ECF Nos. 10, 16 & 18.)

On August 3, 2018, Zuniga moved for release from pretrial detention.  (ECF No. 19.) Following a hearing on August 20, 2018, the Court denied the motion the next day.  (ECF Nos. 20 & 21.)

On September 21, 2018, Zuniga moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and for other assorted relief.  (ECF No. 22.)  The parties traded letters concerning whether the *Franks* motion was procedurally appropriate.  (ECF Nos. 23, 24, & 25.)

On October 31, 2018 the grand jury returned a seven-count superseding indictment against Zuniga and co-defendant Luis Vega ("Co-Defendant").[1]  (ECF No. 28.)  The Court arraigned Zuniga on these charges on November 11, 2018.  (ECF Nos. 28 & 31.)  The United States suggested that this indictment mooted Zuniga's *Franks* motion.  (ECF No. 40.)  The Court agreed and denied the *Franks* motion as moot on March 18, 2019.  (ECF No. 42.)

In addition to the proceedings involving Zuniga, the Court handled a host of litigation involving Co-Defendant.  For instance, the United States moved on December 17, 2018—before the Court ruled on Zuniga's *Franks* motion—to disqualify Co-Defendant's counsel.  (ECF No. 33.)  The Court granted the United States' motion and ordered Co-Defendant's counsel removed from the case on January 22, 2019.  (ECF Nos. 36 & 37.)

The next day, Co-Defendant's now-disqualified counsel asked the Court to be appointed as CJA counsel.  (ECF No. 35.)  On March 4, 2019, before the Court could appoint counsel, Co-

---

1   Only four of those counts charge Zuniga.  (ECF No. 28.)  Although labeled a "superseding" indictment, this is the first indictment to charge Zuniga.  An earlier indictment charged only Co-Defendant.  (ECF No. 16.)

Defendant filed a *pro se* discovery motion.  (ECF No. 41.)  The Court appointed CJA counsel for Co-Defendant the next day.  (ECF No. 39.)  On March 26, 2019, Co-Defendant's new counsel consented to a continuance and tolling of the Speedy Trial Act between March 20, 2019 and June 30, 2019.  (ECF No. 47.)

Zuniga moved on June 7, 2019 to dismiss the superseding indictment due to a violation of the Speedy Trial Act.  (ECF No. 54.)  The Court heard oral argument on September 23, 2019. (ECF No. 58.)

## II.    DECISION

Zuniga argues that the time for trial under the Speedy Trial Act has expired.  All parties agree on the amount of real time that has passed since this case began, but the United States argues that only one day of that time—March 19, 2019—counts towards the Speedy Trial Act time limitations.  Zuniga has three arguments in response.

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  However, the statute excludes numerous time periods from this 70-day period.  *See id.* § 3161(h).  The relevant exclusions here include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," as well as "delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government."  *Id.* § 3161(h)(1)(D), (7)(A).  Importantly, if any exclusion applies to any defendant, that exclusion also applies to all co-defendants.  *See United States v. Claxton*, 766 F.3d 280, 730 (3d Cir. 2014).

### A. Time Between Superseding Indictment and Arraignment

Zuniga argues that the Speedy Trial Act time period began to run in this case at the filing of the superseding indictment, not at Zuniga's arraignment. (ECF No. 50, at 2.) The Court disagrees: because Zuniga first appeared before a judicial officer at his post-indictment arraignment, the Speedy Trial Act time period began to run at Zuniga's arraignment.

The Speedy Trial Act time period begins to run "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). One of type "appear[ance] before a judicial officer," *id.*, is a preliminary hearing before a magistrate. "When such an appearance occurs, the subsequent filing of an information or indictment against the defendant"—not the post-indictment arraignment—"triggers the seventy-day period during which trial must commence." *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981). In this case, Zuniga waived his preliminary hearing and did not appear before a magistrate for his initial appearance. (ECF No. 7.)

When, as here, a defendant does "not appear before a judicial officer prior to his original indictment, his arraignment . . . constitute[s] his initial appearance for Speedy Trial Act purposes, and thus that appearance trigger[s] the running of the Speedy Trial Act 70-day time period." *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006). Accordingly, the Speedy Trial Act period began to run on November 11, 2018, when the Court arraigned Zuniga on the charges in the indictment.

### B. Time Between Motion Becoming Moot and Denial of Motion

Zuniga argues that his *Franks* motion became moot immediately upon the filing of the indictment, and so his *Franks* motion ceased to toll the Speedy Trial Act time period after the

filing of the indictment.   (ECF No. 50, at 3-4.)   The Court disagrees: the *Franks* motion

continued to toll the Speedy Trial Act until the Court denied the *Franks* motion as moot.

Any "delay resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion" will toll the time

period allowed under the Speedy Trial Act.   18 U.S.C. § 3161(h)(1)(D).   A motion does not

become "dispos[ed] of" for Speedy Trial Act purposes simply because it becomes mooted by the

circumstances without an order declaring it so.   Rather, a moot motion continues to toll the

Speedy Trial Act until the docket reflects an official recognition that the motion is moot: for

instance, if the Court issues an order denying the motion as moot.   *See United States v. Rashid*,

593 F. App'x 132, 136 (3d Cir. 2014) ("On August 29, 2008, Rashid filed three discovery

motions . . . .   The District Court . . . denied the motions as moot on November 16[, 2009].

Therefore, the discovery motions tolled the [Speedy Trial Act] clock from August 29, 2008, to

November 16, 2009.") (footnote omitted); *cf. United States v. Greer*, 734 F. App'x 125, 128 (3d

Cir. 2018) (finding no plain error in tolling the Speedy Trial Act through the date on which a

moot motion was erroneously granted).   Accordingly, the *Franks* motion tolled the Speedy Trial

Act from when Zuniga filed it on September 21, 2018, until the Court denied the *Franks* motion

as moot on March 18, 2019.

### C.       Time Between Conclusion of Briefing and Decision on Motion

Zuniga contended at oral argument—but not in his papers—that because the Court

decided the *Franks* motion without a hearing, the *Franks* motion ceased to toll the Speedy Trial

Act time period after the conclusion of briefing on the motion.   *See United States v. Felton*, 811

F.2d 190, 195 (3d Cir. 1987).   The United States argues that the parties held numerous status

conferences and repeatedly discussed the possibility of supplemental briefing on the *Franks*

motion, so that the Court could not be reasonably certain that briefing had in fact concluded. Zuniga disagrees, and states that the United States affirmatively represented that it would not file any further briefing on the *Franks* motion.

All of the litigation over the *Franks* motion occurred while this case was assigned to another, now-retired district judge. Therefore, this Court is unable to resolve the dispute about whether further briefing was expected concerning the *Franks* motion. However, the Court observes that Zuniga raised this point for the first time at oral argument. Because the Court will generally not consider points not raised in written submissions and instead mentioned for the first time at oral argument, the Court rejects Zuniga's argument. *See, e.g.*, *United States v. Welshans*, 892 F.3d 566, 582 (3d Cir. 2018). Accordingly, the Court assumes the Speedy Trial Act time period ceased tolling on when the Court denied the *Franks* motion as moot on March 18, 2019.

### D.     Effective Date of the March 26, 2019 Continuance Order

The parties' time calculations differ on whether March 20-25, 2019 should count toward the Speedy Trial Act time periods. (ECF No. 50, at 5; ECF No. 49, at 2.) However, neither party argues why this time period should or should not count towards the 70-day limit. To avoid further confusion, the Court clarifies that the continuance order issued March 26, 2019 is effective six days before its issuance, and therefore begins to toll the Speedy Trial Act time period on March 20, 2019.

Generally, a district court may not order a continuance that retroactively tolls the Speedy Trial Act 70-day time period. *See United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992). However, the Court may delay formal issuance of the continuance order so long as "the written order demonstrates that [the district court] reached the necessary findings at the time of granting the continuance." *United States v. Groff*, No. 05-1634, 2006 WL 952226, at *3 (3d Cir. Apr. 13,

2006); *see also Lattany*, 982 F.2d at 877.  In other words, if the Court grants a continuance, the continuance can become effective immediately, even if the written order formalizing the continuance does not issue until later.

The continuance order issued March 26, 2019 meets these requirements and is therefore effective starting March 20, 2019.  The order indicates that the Court made the necessary findings and granted the continuance during a telephonic status conference on March 20, 2019—prior to the issuance of the written order.  (ECF No. 47, at 1.)  The order also indicates that the continuance is to begin on March 20, 2019.  (ECF No. 47, at 2.)  Accordingly, the order tolls the Speedy Trial Act time period beginning on March 20, 2019, and the period between March 20-25, 2019 does not count toward the 70-day time limit.

## III.   CONCLUSION

Because the Court rejects all of Zuniga's arguments, the Court finds that the time for trial under the Speedy Trial Act has not expired. For the reasons set forth above, Zuniga's motion is **DENIED**.  An appropriate order accompanies this opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 30, 2019