UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL ZUNIGA<br><br>Defendant. | Case No.: 2:18-cr-00224-BRM-2<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Daniel Zuniga's ("Zuniga") Motion for Reconsideration (ECF No. 63) of the Court's denial of Zuniga's earlier Motion to Dismiss the Indictment for Violation of Speedy Trial (ECF No. 54). The United States has not filed any opposition. Zuniga's Motion for Reconsideration is **GRANTED**. The Court's prior opinion[1] is **VACATED**, and this opinion is **SUBSTITUTED** in its place.

Having vacated its earlier decision, the Court must again adjudicate Zuniga's Motion to Dismiss the Indictment for Violation of Speedy Trial. (ECF No. 54.) Having reviewed the parties' submissions (ECF Nos. 49, 50, & 63-1) filed in connection with this matter and having heard oral argument (ECF No. 58) on September 23, 2019, for the reasons set forth below and for good cause having been shown, Zuniga's Motion to Dismiss is again **DENIED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

When, as here, a "defendant claims a violation of the Speedy Trial Act, 18 U.S.C. § 3161, the dates of the proceedings are critical to evaluating [a] defendant's" claim. *United States v. Miles*, 290 F.3d 1341, 1345 n.1 (3d Cir. 2002); *see also United States v. Parker*, 508 F.3d 434,

---

[1] *See United States v. Zuniga*, No. 18-cr-224, 2019 WL 4745276, at *4 (D.N.J. Sept. 30, 2019).

436 (7th Cir. 2007) ("Certain pretrial dates and events are important to our resolution of [a defendant's] Speedy Trial Act claim."); *United States v. Nixon*, 634 F.2d 306, 307 (5th Cir. 1981) ("In order to understand the speedy trial issue, the dates upon which certain events transpired are important.").

On March 23, 2018, Zuniga was arrested pursuant to a warrant, had an initial appearance before a magistrate, waived a preliminary hearing, and was ordered detained pending trial. (ECF Nos. 5, 7 & 8.) By consent of the parties, the Court continued the case and tolled the Speedy Trial Act time period from March 27, 2018 to September 30, 2018. (ECF Nos. 10, 16 & 18.)

On August 3, 2018, Zuniga moved for release from pretrial detention. (ECF No. 19.) Following a hearing on August 20, 2018, the Court denied the motion the next day. (ECF Nos. 20 & 21.)

On September 21, 2018, Zuniga moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and for other assorted relief. (ECF No. 22.) The parties traded letters concerning whether the *Franks* motion was procedurally appropriate. (ECF Nos. 23, 24, & 25.)

With the *Franks* motion still pending, the grand jury returned a seven-count superseding indictment against Zuniga and co-defendant Luis Vega ("Co-Defendant") on October 31, 2018.[2] (ECF No. 28.) The Court arraigned Zuniga on these charges on November 11, 2018. (ECF Nos. 28 & 31.) The United States suggested that this superseding indictment mooted Zuniga's *Franks* motion. (ECF No. 40.) The Court agreed and denied the *Franks* motion as moot on March 18, 2019. (ECF No. 42.)

In addition to the proceedings involving Zuniga, the Court handled a host of litigation

---

2   Only four of those counts charge Zuniga. (ECF No. 28.) Although labeled a "superseding" indictment, this is the first indictment to charge Zuniga. An earlier indictment charged only Co-Defendant. (ECF No. 16.)

involving Co-Defendant. For instance, the United States moved on December 17, 2018—before the Court ruled on Zuniga's *Franks* motion—to disqualify Co-Defendant's counsel. (ECF No. 33.) The Court granted the United States' motion and ordered Co-Defendant's counsel removed from the case on January 22, 2019. (ECF Nos. 36 & 37.)

The next day, Co-Defendant's now-disqualified counsel asked the Court to be appointed as counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(b). (ECF No. 35.) On March 4, 2019, before the Court could appoint counsel, Co-Defendant filed a *pro se* discovery motion. (ECF No. 41.) The next day, the Court appointed a different attorney as CJA counsel for Co-Defendant. (ECF No. 39.) On March 21, 2019, Co-Defendant's CJA counsel requested to withdraw Co-Defendant's pro se discovery motion; the Court ordered the motion's withdrawal the same day. (ECF No. 45.)

On March 26, 2019, Co-Defendant's new counsel consented to a continuance and tolling of the Speedy Trial Act between March 20, 2019 and June 30, 2019. (ECF No. 47.) Two subsequent unopposed continuance orders tolled the Speedy Trial Act: the first order issued June 28, 2019 continued the case until September 30, 2019, and a second order issued October 1, 2019 continued the case until December 31, 2019. (ECF Nos. 55 & 62.)

Zuniga moved on June 7, 2019 to dismiss the superseding indictment due to a violation of the Speedy Trial Act. (ECF No. 54.) The parties presented oral argument on September 23, 2019. (ECF No. 58.) The Court denied Zuniga's motion on September 30, 2019. *See Zuniga*, 2019 WL 4745276, at *4. Zuniga moved for reconsideration on October 5, 2019. (ECF No. 63.)

## II.  DECISION

Zuniga argues that the time for trial under the Speedy Trial Act has expired. All parties agree on the amount of real time that has passed since this case began, but the United States

argues that only one day of that time—March 19, 2019—counts towards the Speedy Trial Act time limitations. Zuniga has three arguments in response. Because the Court finds that the non-excludable time has not exceeded 70 days, Zuniga's Motion to Dismiss is denied.

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the statute excludes numerous time periods from this 70-day period. *See id.* § 3161(h). The relevant exclusions here include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," as well as "delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id.* § 3161(h)(1)(D), (7)(A). Importantly, if any exclusion applies to any defendant, that exclusion also applies to all co-defendants. *See United States v. Claxton*, 766 F.3d 280, 730 (3d Cir. 2014).

### A. Beginning of the Speedy Trial Act's 70-Day Period

Zuniga argues that the Speedy Trial Act time period began to run in this case following the filing of the superseding indictment. (ECF No. 50, at 2; ECF No. 63-1, at 8-10.) The United States contends that the Speedy Trial Act excludes the time between the superseding indictment and Zuniga's arraignment. (ECF No. 49, at 1-2.) Because Zuniga appeared before a magistrate prior to the issuance of the superseding indictment, the superseding indictment date governs.

The Speedy Trial Act time period begins to run "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.

§ 3161(c)(1). One of type "appear[ance] before a judicial officer," *id.*, is an initial appearance before a magistrate. "When such an appearance occurs, the subsequent filing of an information or indictment against the defendant"—not the post-indictment arraignment—"triggers the seventy-day period during which trial must commence." *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981); *see also United States v. Willaman*, 437 F.3d 354, 358 (3d Cir. 2006) ("[A] defendant's pre-indictment physical appearance before a magistrate-judge will constitute a defendant's 'appearance before a judicial officer,' so that his subsequent indictment will trigger the running of the [Speedy Trial Act's] 70-day period . . . ." (quoting *Carrasquillo*, 667 F.2d at 384)).

In this case, Zuniga appeared before a magistrate judge for his initial appearance on March 23, 2018. (ECF No. 5.) The United States filed its superseding indictment against Zuniga on October 31, 2018. (ECF No. 28.) Because Zuniga's initial appearance occurred before the United States filed the superseding indictment, the date of the superseding indictment determines the outer bound of the Speedy Trial Act's 70-day period.[3]

### B. Time Between Motion Becoming Moot and Denial of Motion

Zuniga argues that his *Franks* motion became moot immediately upon the filing of the indictment, and so his *Franks* motion ceased to toll the Speedy Trial Act time period after the filing of the indictment. (ECF No. 50, at 3-4.) The Court disagrees: the *Franks* motion continued to toll the Speedy Trial Act until the Court denied the *Franks* motion as moot.

Any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" will toll the time

---

3  The United States filed its superseding indictment on October 31, 2018. (ECF No. 28.) Although the 70-day period would normally begin to run immediately thereafter, no time actually accumulated towards the Speedy Trial Act time limitations because of the pending *Franks* motion. *See* part II.B., *infra*.

period allowed under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). A motion does not become "dispos[ed] of," *id.*, for Speedy Trial Act purposes simply because it becomes mooted by the circumstances without an order declaring it so. Rather, a moot motion continues to toll the Speedy Trial Act until the docket reflects an official recognition that the motion is moot: for instance, if the Court issues an order denying the motion as moot. *See United States v. Rashid*, 593 F. App'x 132, 136 (3d Cir. 2014) ("On August 29, 2008, Rashid filed three discovery motions . . . . The District Court . . . denied the motions as moot on November 16[, 2009]. Therefore, the discovery motions tolled the [Speedy Trial Act] clock from August 29, 2008, to November 16, 2009.") (footnote omitted); *cf. United States v. Greer*, 734 F. App'x 125, 128 (3d Cir. 2018) (finding no plain error in tolling the Speedy Trial Act through the date on which a moot motion was erroneously granted).

No activity on the docket pronounced the *Franks* motion moot until the Court's order of March 18, 2019. Accordingly, the *Franks* motion tolled the Speedy Trial Act from when Zuniga filed it on September 21, 2018, through the date the Court denied the *Franks* motion as moot on March 18, 2019.

### C. Time Between Conclusion of Briefing and Decision on Motion

Zuniga contended at oral argument—but not in his papers—that because the Court decided the *Franks* motion without a hearing, the *Franks* motion ceased to toll the Speedy Trial Act time period after the conclusion of briefing on the motion. *See United States v. Felton*, 811 F.2d 190, 195 (3d Cir. 1987). The United States argues that the parties held numerous status conferences and repeatedly discussed the possibility of supplemental briefing on the *Franks* motion, so that the Court could not be reasonably certain that briefing had in fact concluded. Zuniga disagrees, and states that the United States affirmatively represented that it would not file

any further briefing on the *Franks* motion.

All of the litigation over the *Franks* motion occurred while this case was assigned to another, now-retired district judge. Without a hearing, this Court is unable to resolve the factual dispute about whether the Court expected further briefing concerning the *Franks* motion.

However, Zuniga raised the *Felton* issue for the first time at oral argument. Because the Court generally will not consider points mentioned for the first time at oral argument if a party could have included the points in a written submission, the Court rejects Zuniga's argument. *See, e.g.*, *United States v. Welshans*, 892 F.3d 566, 582 (3d Cir. 2018); *United States v. Lennon*, 372 F.3d 535, 541 n.10 (3d Cir. 2004). Accordingly, the Court assumes the *Franks* motion continued tolling the 70-day period through March 18, 2019, when the Court denied the *Franks* motion as moot.

Zuniga argues that the Court must consider his *Felton* argument—even if raised for the first time at oral argument—because the Speedy Trial Act time limitations are non-waivable. (ECF No. 63-1, at 11-15.) The Court agrees that "a defendant may not prospectively waive the application of the [Speedy Trial] Act." *Zedner v. United States*, 547 U.S. 489, 503 (2006). However, Zuniga's non-waivability argument misunderstands the Court's ruling. The Court has not determined that Zuniga waived a provision of the Speedy Trial Act. Rather, the Court holds that no party may raise a new issue at oral argument because doing so would deprive an opponent of an adequate opportunity to research the issue and appropriately respond. Because Zuniga deprived the United States of that opportunity by raising his *Felton* issue for the first time at oral argument,[4] the Court declines to consider Zuniga's *Felton* argument.

---

[4] Nothing in this opinion prohibits Zuniga from filing another motion to dismiss in order to present his *Felton* argument in a manner that allows the United States an adequate opportunity both to research the issue and properly respond.

D.   **Retroactive Effect of a Continuance Order**

The parties' time calculations differ on whether March 20-25, 2019 should count toward the Speedy Trial Act time periods. (ECF No. 50, at 5; ECF No. 49, at 2.) However, neither party argues why this time period should or should not count towards the 70-day limit. To avoid further confusion, the Court clarifies that the continuance order issued March 26, 2019 is effective six days before its issuance, and therefore begins to toll the Speedy Trial Act time period on March 20, 2019.

Generally, a district court may not order a continuance that retroactively tolls the Speedy Trial Act 70-day time period. *See United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992). However, the Court may delay formal issuance of the continuance order so long as "the written order demonstrates that [the district court] reached the necessary findings at the time of granting the continuance." *United States v. Groff*, No. 05-1634, 2006 WL 952226, at *3 (3d Cir. Apr. 13, 2006); *see also Lattany*, 982 F.2d at 877. In other words, if the Court grants a continuance, the continuance can become effective immediately, even if the Court delays until later the filing of a written order formalizing the continuance.

The continuance order issued March 26, 2019 meets these requirements and is therefore effective starting March 20, 2019. The order indicates that the Court made the necessary findings and granted the continuance during a telephonic status conference on March 20, 2019— prior to the issuance of the written order. (ECF No. 47, at 1.) The order also indicates that the continuance is to begin on March 20, 2019. (ECF No. 47, at 2.) Accordingly, the order tolls the Speedy Trial Act time period beginning on March 20, 2019, and the period between March 20-25, 2019 does not count toward the 70-day time limit.

## III. CONCLUSION

For the reasons set forth above, Zuniga's Motion for Reconsideration is **GRANTED**. The Court's prior opinion[5] is **VACATED**, and this opinion is **SUBSTITUTED** in its place. Zuniga's Motion to Dismiss is again **DENIED**. An appropriate order accompanies this opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2020

---

5  *See Zuniga*, 2019 WL 4745276, at *4.