# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 2:18-cr-00224-BRM-2 |
| DANIEL ZUNIGA | OPINION |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Daniel Zuniga's ("Zuniga") Second Motion to Dismiss the Superseding Indictment for Violation of Speedy Trial (ECF No. 71). Zuniga filed a certification (ECF No. 71-1) and filed both a brief and a second certification under seal via e-mail on March 17, 2020. The United States also filed a brief under seal via e-mail on March 17, 2020. Having reviewed the parties' submissions[1] filed in connection with this matter and having declined to hear oral argument, for the reasons set forth below and for good cause having been shown, Zuniga's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

When, as here, a "defendant claims a violation of the Speedy Trial Act, 18 U.S.C. § 3161, the dates of the proceedings are critical to evaluating [a] defendant's" claim. *United States v. Miles*, 290 F.3d 1341, 1345 n.1 (3d Cir. 2002); *see also United States v. Parker*, 508 F.3d 434, 436 (7th Cir. 2007) ("Certain pretrial dates and events are important to our resolution of [a defendant's] Speedy Trial Act claim."); *United States v. Nixon*, 634 F.2d 306, 307 (5th Cir. 1981) ("In order to understand the speedy trial issue, the dates upon which certain events transpired are important.").

---

[1] The United States' request, dated March 23, 2020 and filed under seal via e-mail, to file an additional brief is **DENIED**. Zuniga's request, dated March 23, 2020 and filed under seal via e-mail, for this "Court to rule on the issue of mandatory dismissal [under the Speedy Trial] Act forthwith" is **GRANTED**.

On March 23, 2018, Zuniga was arrested pursuant to a warrant, had an initial appearance before a magistrate judge, waived a preliminary hearing, and was ordered detained pending trial. (ECF Nos. 5, 7 & 8.) On September 21, 2018, Zuniga moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and for other assorted relief. (ECF No. 22.) The parties traded letters concerning whether the *Franks* motion was procedurally appropriate. (ECF Nos. 23, 24, & 25.)

With the *Franks* motion still pending, the grand jury returned a seven-count superseding indictment against Zuniga and co-defendant Luis Vega ("Co-Defendant") on October 31, 2018.[2] (ECF No. 28.) The Court arraigned Zuniga on these charges on November 11, 2018. (ECF Nos. 28 & 31.) On March 18, 2019, the United States suggested this superseding indictment mooted Zuniga's *Franks* motion, and asked the Court to grant Zuniga leave to renew any motions at a later time to be determined in a subsequent briefing schedule. (ECF No. 40.) The same day, the Court agreed and denied the *Franks* motion as moot. (ECF No. 42.)

Zuniga moved on June 7, 2019 to dismiss the superseding indictment due to a violation of the Speedy Trial Act. (ECF No. 54.) The parties presented oral argument on September 23, 2019. (ECF No. 58.) The Court denied Zuniga's motion on September 30, 2019. *See United States v. Zuniga*, Crim. No. 18-224, 2019 WL 4745276, at *4 (D.N.J. Sept. 30, 2019). Zuniga moved for reconsideration on October 5, 2019. (ECF No. 63.) On January 8, 2020, the Court granted Zuniga's motion for reconsideration, vacated its earlier decision, and again adjudicated Zuniga's initial motion to dismiss. *See United States v. Zuniga*, Crim. No. 18-224, 2020 WL 94830, at *5 (D.N.J. Jan. 8, 2020).

On reconsideration, the Court refused to consider one of Zuniga's arguments (the "*Felton* argument"[3]) because Zuniga presented it for the first time at oral argument. *See id.* at *4. Zuniga's *Felton* argument contended that, under *Felton*, the Speedy Trial Act did not exclude the time between

---

[2] Only four of those counts charge Zuniga. (ECF No. 28.) Although labeled a "superseding" indictment, this is the first indictment to charge Zuniga. An earlier indictment charged only Co-Defendant. (ECF No. 16.)

[3] *See United States v. Felton*, 811 F.2d 190, 195 (3d Cir. 1987).

the conclusion of briefing on the *Franks* motion through the Court's March 18, 2019 order denying the *Franks* motion as moot. (ECF No. 63-1, at 11-12.) The Court assumed without deciding that the *Franks* motion tolled all Speedy Trial Act time between the date Zuniga filed the *Franks* motion and the date the Court denied it, found the Speedy Trial Act time had not expired, and again denied Zuniga's motion to dismiss. *See Zuniga*, 2020 WL 94830, at *4-5.

Although the Court declined to consider the *Felton* argument, the Court expressly stated, "Nothing in this opinion prohibits Zuniga from filing another motion to dismiss in order to present his *Felton* argument in a manner that allows the United States an adequate opportunity both to research the issue and properly respond." *Id.* at *4 n.4. On January 13, 2020, Zuniga filed this second motion to dismiss, raising the *Felton* argument. (ECF No. 71.)

## II. DECISION

Zuniga argues the time for trial under the Speedy Trial Act has expired. The Court previously determined the Speedy Trial Act time had not expired, subject to the Court's assumption that the time before March 18, 2019 was excludable from the Speedy Trial Act calculations. Zuniga's motion challenges that assumption. With the benefit of full briefing from both Zuniga and the United States, *cf. Zuniga*, 2020 WL 94830, at *4, the Court now finds that the time prior March 18, 2019 is excluded from the Speedy Trial Act calculations.

The Speedy Trial Act requires that a defendant's trial begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the statute excludes numerous time periods from this 70-day period. *See id.* § 3161(h).

The relevant exclusion here concerns "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D). "[I]f the court does not hold a hearing," on a motion, this provision "excludes the

period from the filing of the motion until the parties complete the submissions necessary for the court to reach a decision." *Felton*, 811 F.2d 195. This statutory exclusion is "designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." *Henderson v. United States*, 476 U.S. 321, 331 (1986). Accordingly, the provision "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Id.*; *see also Felton*, 811 F.2d at 195 (holding that the statutory provision "excludes any time following the hearing that is required for filing briefs and additional materials necessary for proper disposition of the motion").

In Zuniga's case, the time before March 18, 2019 is excluded because the "the parties" had not yet "complete[d] the submissions necessary for the court to reach a decision," on Zuniga's *Franks* motion until the United States filed its suggestion of mootness on March 18, 2019. *Felton*, 811 F.2d at 195. Therefore, the Court was not "in a position to dispose of a motion" until March 18, 2019. *Henderson*, 476 U.S. at 331.

Zuniga's *Franks* motion sought two forms of relief: (1) judicial invalidation of the initial complaint, and (2) Zuniga's release from custody on other grounds. (ECF No. 22-1, at 17.) The return of an indictment by a grand jury can cure deficiencies in an earlier-filed complaint. *See Tailon v. Warden, Moshnnon Valley Corr. Ctr.*, 629 F. App'x 298, 300 n.2 (3d Cir. 2015); *United States v. Parker*, Civ. No. 03-6926, Crim. No. 00-315, 2006 WL 759689, at *4 (E.D. Pa. 2006). However, the impact of the superseding indictment on Zuniga's *Franks* motion is not immediately apparent, because the scope of the relief Zuniga's motion requested went beyond the mere invalidation of the complaint. (ECF No. 22-1, at 17.) Whether or not the parties or the Court actually expected further briefing concerning the *Franks* motion,[4] the return of a superseding indictment against Zuniga sufficiently changed the circumstances surrounding Zuniga's *Franks* motion such that the Court could not properly have

---

4   This is a hotly contested matter in this case. The Court previously noted that it would be "unable to resolve the factual dispute about whether the Court expected further briefing concerning the *Franks* motion." *Zuniga*, 2020 WL 94830, at *4.

reached a decision on the *Franks* motion without further input. *Cf. Felton*, 811 F.2d at 195. Only when the United States suggested that the Court deny Zuniga's *Franks* motion as moot, with leave to file a renewed motion as appropriate, would the Court have been able to take action on the *Franks* motion. Accordingly, "the parties" had not yet "complete[d] the submissions necessary for the court to reach a decision," on Zuniga's *Franks* motion until the United States' filing on March 18, 2019. *Felton*, 811 F.2d at 195. Time before that date is therefore excludable under the Speedy Trial Act. *See id.*

This Court previously determined that if the time before March 18, 2019 is excludable from the Speedy Trial Act calculation, then the time for trial has not expired. See Zuniga, 2020 WL 94830, at *2. No new time has accrued against the Speedy Trial Act limitations since that determination. (ECF Nos. 65 & 76.) Because the court has denied Zuniga's motion in this decision. The Court need not decide whether such a dismissal would occur with or without prejudice or Zuniga's custody status.

### III. CONCLUSION

For the reasons set forth above, Zuniga's Second Motion to Dismiss for Violation of the Speedy Trial Act is **DENIED**. An appropriate order accompanies this opinion.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2020