<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 2:18-cr-00224-BRM-2 |
| v. | : | |
| | : | **OPINION** |
| DANIEL ZUNIGA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Daniel Zuniga's ("Zuniga") Motion for Reconsideration of the Court's order (ECF No. 79) denying Zuniga's Second Motion to Dismiss the Superseding Indictment for Violation of Speedy Trial (ECF No. 71). Zuniga filed an initial brief ("Zuniga's Initial Reconsideration Br.") under seal via e-mail on April 1, 2020 and a reply brief ("Zuniga's Reconsideration Reply Br.") under seal via e-mail on April 17, 2020. The United States also filed a brief ("United States' Reconsideration Br.") under seal via e-mail on April 13, 2020. Having reviewed the parties' submissions filed in connection with this matter and having declined to hear oral argument, for the reasons set forth below and for good cause having been shown, Zuniga's motion for reconsideration is **DENIED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

When, as here, a "defendant claims a violation of the Speedy Trial Act, 18 U.S.C. § 3161, the dates of the proceedings are critical to evaluating [a] defendant's" claim. *United States v. Miles*, 290 F.3d 1341, 1345 n.1 (3d Cir. 2002); *see also United States v. Parker*, 508 F.3d 434, 436 (7th Cir. 2007) ("Certain pretrial dates and events are important to our resolution of [a defendant's] Speedy Trial Act claim."); *United States v. Nixon*, 634 F.2d 306, 307 (5th Cir. 1981) ("In order to

understand the speedy trial issue, the dates upon which certain events transpired are important.").

On March 23, 2018, Zuniga was arrested pursuant to a warrant, had an initial appearance before a magistrate judge, waived a preliminary hearing, and was ordered detained pending trial. (ECF Nos. 5, 7 & 8.)  On September 21, 2018, Zuniga moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and for other assorted relief.  (ECF No. 22.)  The parties traded letters concerning whether the *Franks* motion was procedurally appropriate.  (ECF Nos. 23, 24, & 25.)

With the *Franks* motion still pending, the grand jury returned a seven-count superseding indictment against Zuniga and co-defendant Luis Vega ("Co-Defendant") on October 31, 2018.[1] (ECF No. 28.)  The Court arraigned Zuniga on these charges on November 11, 2018.  (ECF Nos. 28 & 31.)  On March 18, 2019, the United States suggested this superseding indictment mooted Zuniga's *Franks* motion and asked the Court to grant Zuniga leave to renew any motions at a later time to be determined in a subsequent briefing schedule.  (ECF No. 40.)  The same day, the Court agreed and denied the *Franks* motion as moot.  (ECF No. 42.)

Zuniga moved on June 7, 2019 to dismiss the superseding indictment due to a violation of the Speedy Trial Act.  (ECF No. 54.)  The parties presented oral argument on September 23, 2019. (ECF No. 58.)  The Court denied Zuniga's motion on September 30, 2019.  *See United States v. Zuniga*, Crim. No. 18-224, 2019 WL 4745276, at *4 (D.N.J. Sept. 30, 2019).  Zuniga moved for reconsideration on October 5, 2019.  (ECF No. 63.)  On January 8, 2020, the Court granted Zuniga's motion for reconsideration, vacated its earlier decision, and again adjudicated Zuniga's initial motion to dismiss.  *See United States v. Zuniga*, Crim. No. 18-224, 2020 WL 94830, at *5

---

[1] Only four of those counts charge Zuniga.  (ECF No. 28.)  Although labeled a "superseding" indictment, this is the first indictment to charge Zuniga.  An earlier indictment charged only Co-Defendant.  (ECF No. 16.)

Case 2:18-cr-00224-BRM   Document 91   Filed 05/27/20   Page 3 of 9 PageID: 547

(D.N.J. Jan. 8, 2020).

On reconsideration, the Court refused to consider one of Zuniga's arguments (the "*Felton* argument"[2]) because Zuniga presented it for the first time at oral argument. *See id.* at \*4. Zuniga's *Felton* argument contended the Speedy Trial Act did not exclude the time between the conclusion of briefing on the *Franks* motion through the Court's March 18, 2019 order denying the *Franks* motion as moot. (ECF No. 63-1, at 11-12.) The Court assumed without deciding the *Franks* motion tolled all Speedy Trial Act time between the date Zuniga filed the *Franks* motion and the date the Court denied it, found the Speedy Trial Act time had not expired, and again denied Zuniga's motion to dismiss. *See Zuniga*, 2020 WL 94830, at \*4-5.

Although the Court declined to consider the *Felton* argument, the Court expressly stated, "Nothing in this opinion prohibits Zuniga from filing another motion to dismiss in order to present his *Felton* argument in a manner that allows the United States an adequate opportunity both to research the issue and properly respond." *Id.* at \*4 n.4. On January 13, 2020, Zuniga filed this second motion to dismiss, raising the *Felton* argument. (ECF No. 71.) The Court rejected the *Felton* argument and denied Zuniga's second motion. *United States v. Zuniga*, Crim. No. 18-224, 2020 WL 1516970, at \*3 (Mar. 30, 2020). Zuniga moved for reconsideration of this denial.

## II.   DECISION

As an initial matter, the United States argues none of Zuniga's arguments are appropriate for a motion for reconsideration. The Court agrees. Reconsideration is appropriate in only three circumstances: "(1) intervening change in law; (2) availability of new evidence not previously available; or a (3) need to correct a clear error of law or manifest injustice." *United States v. Davis*, Crim. No. 05-0482, 2012 WL 1950217, at \*1 (D.N.J. May 30, 2012). None of the three factors

---

[2]*See United States v. Felton*, 811 F.2d 190, 195 (3d Cir. 1987).

are present here.

If the Court were to consider Zuniga's arguments on the merits, neither would prevail.  First, Zuniga argues his *Franks* motion became moot at the filing of the superseding indictment on October 31, 2018, and therefore did not toll the Speedy Trial Act's time limits after that period. Second, Zuniga argues if the motion did exclude any time from the Speedy Trial Act's time limits, the Speedy Trial Act limited the exclusion to 30 days because the Court did not hold a hearing on the motion.  Neither argument has merit.

### A.      Completion of the Necessary Submissions

Zuniga first argues "the parties [did not] complete the submissions necessary for the court to reach a decision" on the *Franks* motion until the Court denied the motion.  *Felton*, 811 F.2d 195. The Court disagrees.

The Speedy Trial Act requires a defendant's trial begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  However, the statute excludes numerous time periods from this 70-day period.  *See id.* § 3161(h).

The relevant exclusion here concerns "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D).  "[I]f the court does not hold a hearing," on a motion, this provision "excludes the period from the filing of the motion until the parties complete the submissions necessary for the court to reach a decision."  *Felton*, 811 F.2d 195.  This statutory exclusion is "designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion."  *Henderson v. United States*, 476 U.S. 321, 331 (1986).  Accordingly, the provision

"excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Id.*; *see also Felton*, 811 F.2d at 195 (holding the statutory provision "excludes any time following the hearing that is required for filing briefs and additional materials necessary for proper disposition of the motion").

Zuniga's argument hinges on his contention that submissions on a motion are complete the instant a motion becomes moot—even if neither the parties nor the Court recognize the fact until much later. This is not the case. Of course, submissions can become complete simultaneously with a motion becoming moot, but not always. *See, e.g.*, *United States v. Rashid*, 593 F. App'x 132, 136 (3d Cir. 2014) (holding that "discovery motions tolled the [Speedy Trial Act] clock from [filing on] August 29, 2008, to November 16, 2009," when the district court "denied the motions as moot").

Zuniga further contends *Rashid*—in which the Court denied a motion as moot six days after holding a hearing, *see id.*—does not apply here because this Court did not hold a hearing on Zuniga's *Franks* motion. But the Third Circuit did not condition its decision on the fact that the district court held a hearing or state the outcome would be different in the absence of a hearing. *See Rashid*, 593 F. App'x 136. *Rashid* applies here.

In this case, "the parties complete[d] the submissions necessary for the court to reach a decision" on the *Franks* motion when the Court denied the motion. *Felton*, 811 F.2d 195; *see also Zuniga*, 2020 WL 1516970, at *3. Accordingly, the *Franks* motion continued to toll the Speedy Trial Act period until that time.

Zuniga contends in a footnote that if the Court in fact needed further input on the *Franks* motion, then the Court should have "afford[ed] [Zuniga] an opportunity to be heard on the issue of mootness" before granting the United States' request to deny the *Franks* motion as moot.

(Zuniga's Reconsideration Initial Br. 12 n.2.)  Whatever the merits of this argument, the Court's

error—if any—was harmless.  On March 18, 2019, in its final filing concerning Zuniga's *Franks*

motion, the United States suggested the Court deny the *Franks* motion as moot.  (ECF No. 40.)

The same day, the Court agreed and denied the motion as moot.  (ECF No. 42.)  While the parties

dispute when exactly the *Franks* motion became moot, the Court, the United States, and (critically)

Zuniga all agree the *Franks* motion became moot at least by March 18, 2019.  Zuniga, then,

essentially argues the Court deprived him of an opportunity to agree with the United States before

the Court issued its order.  Had the Court withheld its March 18, 2019 order and allowed Zuniga

to inform the Court he agreed with the United States that his *Franks* motion was moot, then the

outcome would have been the same: the Court would still have denied the *Franks* motion as moot.

Assuming without deciding the Court erred by issuing its order without waiting for Zuniga's input,

any error was harmless.

### B.      Limit of 30 Days of Excludable Time

Zuniga further argues the excludable time attributable to the *Franks* motion was limited to

30 days after September 21, 2018 (when Zuniga filed his *Franks* motion), or alternatively,

September 30, 2018 (when Zuniga filed one of the letters the parties traded concerning the *Franks*

motion).  This argument is misplaced.

The Speedy Trial Act tolls time during "delay resulting from any pretrial motion, from the

filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such

motion." 18 U.S.C. § 3161(h)(1)(D).  This provision does not limit the tolled time period to 30

days.  In fact, it tolls "all time between the filing of a motion and the conclusion of the hearing on

that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *See*

*Henderson v. United States*, 476 U.S. 321, 330 (1986).  "[I]f the court does not hold a hearing,"

on a motion, subparagraph (h)(1)(D) "excludes the period from the filing of the motion until the parties complete the submissions necessary for the court to reach a decision." *Felton*, 811 F.2d at 195. This is the general rule, but it is not absolute: subparagraph (h)(1)(D) may still toll the Speedy Trial Act even after briefing is complete if another issue precludes the Court from issuing a decision. *See id.* at 199.

Zuniga draws the Court's attention to another provision which tolls time during any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). Pretrial motions are one such type of "proceeding." *See Felton*, 811 F.2d at 197. A court takes a pretrial motion "under advisement . . . from the time the court receives all the papers it reasonably expects" concerning the motion. *Henderson*, 476 U.S. at 329. "[A]bsent evidence to the contrary . . . a motion should be considered under advisement for Speedy Trial Act purposes on the day the last paper concerning the motion at issue was filed with the court." *United States v. Johnson*, 29 F.3d 940, 944 (5th Cir. 1994); *see also United States v. Sutter*, 340 F.3d 1022, 1031-32, *amended on denial of rehearing*, 348 F.3d 789 (9th Cir. 2003).

Courts treat the end of the subparagraph (h)(1)(D) period and the beginning of the subparagraph (h)(1)(H) period as the same event: that is, when a motion becomes pending, subparagraph (h)(1)(D) tolls the Speedy Trial Act until the Court has all the necessary submissions, at which point subparagraph (h)(1)(H) tolls the Speedy Trial Act for a maximum of 30 days until the Court's decision. *See United States v. Pansier*, 576 F.3d 726, 731-32 (7th Cir. 2009); *United States v. Williams*, 557 F.3d 943, 952 (8th Cir. 2009); *United States v. Van Smith*, 530 F.3d 967, 969 (D.C. Cir. 2008); *United States v. Oberoi*, 547 F.3d 436, 451 (2d Cir. 2008), *vacated on other grounds*, 559 U.S. 999 (2010); *United States v. Rodriguez*, 63 F.3d 1159, 1136 (5th Cir. 1995);

*United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991).

Zuniga argues the Court had all the information necessary for decision on his *Franks* motion at the time he filed it on September 21, 2018, or alternatively, at the time he filed his letter concerning the *Franks* motion on September 30, 2018. Zuniga argues this means tolling under subparagraph (d)(1)(D) would have ceased on one of those two dates, and in either case, the 30 days of tolling under subparagraph (d)(1)(H) would have expired on or before the date of the Superseding Indictment on October 31, 2018. This argument does not entitle Zuniga to relief.

Even if Zuniga's argument is correct, it merely demonstrates his *Franks* motion temporarily stopped tolling the Speedy Trial Act under subparagraphs (d)(1)(D) and (d)(1)(H) at some point before the filing of the Superseding Indictment on October 31, 2018. However, the *Franks* motion once again began tolling the 70-day period under subparagraph (d)(1)(D) once the filing of the Superseding Indictment complicated Zuniga's *Franks* motion. As this Court explained:

> [T]he impact of the superseding indictment on Zuniga's Franks motion is not immediately apparent, because the scope of the relief Zuniga's motion requested went beyond the mere invalidation of the complaint. Whether or not the parties or the Court actually expected further briefing concerning the Franks motion, the return of a superseding indictment against Zuniga sufficiently changed the circumstances surrounding Zuniga's *Franks* motion such that the Court could not properly have reached a decision on the *Franks* motion without further input.

*Zuniga*, 2020 WL 1516970, at *3 (citations and footnote omitted). Even if Zuniga is correct that briefing on the *Franks* motion had concluded, the complications stemming from the filing of the Superseding Indictment precluded a decision, providing an independent basis for subparagraph (d)(1)(D) to again begin tolling the 70-day time period until the issue resolved. *See Felton*, 811 F.2d at 199. Put another way, even if Zuniga is correct that briefing on the *Franks* motion initially concluded, the questions concerning the Superseding Indictment's effect on the *Franks* motion sufficiently clouded the motion such that the Court could have reasonably expected further briefing.

As a result, the (d)(1)(H) time period did not begin, and its 30-day limit did not expire.

**III.    CONCLUSION**

For the reasons set forth above, Zuniga's Motion for Reconsideration is **DENIED**.  An appropriate order accompanies this opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: May 27, 2020